IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                    :
                                             :
              Plaintiff(s),                   :
                                             :    Case Number: 1:06cr102
      vs.                                    :
                                             :    Judge Susan J. Dlott
Dion Heath,                                  :
                                             :    Opinion and Order
              Defendant(s).                   :


This matter is before the Court on Defendant's Motion to Reduce Sentence Pursuant to

18 U.S.C. §3582( c)(2) in a Disputed Disposition Case (doc. 46).  The Court heard oral argument

by counsel on this motion on April 16, 2015.  For the reasons indicated herein, the Court

**DENIES** defendant's motion.

On October 11, 2006, Mr. Heath entered a guilty plea to a charge of possession of crack

cocaine with intent to distribute and a charge of possession of a firearm in furtherance of drug

trafficking (doc 20).  After passage of the crack cocaine amendments, Mr. Heath's final

sentencing range in the presentence investigation report (PSR) was 92-115 months for the drug

charge and 60 months consecutive for the firearm charge.  (See Third Supplemental Addendum

to the Presentence Report).  On December 20, 2007, the Court sentenced Mr. Heath to 92 months

imprisonment for the drug charge and a consecutive 60 months term for the firearm charge, for a

total sentence of 152 months incarceration.

In November 2014, the drug quantity table at U.S.S.G. §2D.1.1 was amended to provide

a two level reduction for most drug offenses.  The amendment was made retroactive.  The parties

do not dispute that the retroactive amendment applies to Mr. Heath's case and that he meets the

criteria for eligibility for a reduction of sentence based on the retroactive drug guideline amendment, effective November 1, 2014.  Under the amendment, Mr. Heath's guideline sentencing range for the drug charge would be reduced from 92-115 to 77-96 months.  Mr. Heath requests that the Court accordingly reduce his sentence for the drug charge in this case from 92 months to 77 months imprisonment.

The government has opposed this request based on three stated factors.  First, Mr. Heath had 16 criminal history points at the time of his sentencing, which placed him in the highest criminal history category of VI.  Second, Mr. Heath possessed a firearm in addition to the drugs in this case.  Third, Mr. Heath has had behavioral issues while incarcerated at the Bureau of Prisons (BOP).  The government submits the reduction should not be granted based on public safety.  Mr. Heath submits that none of these issues should preclude him receiving the two level reduction under the drug amendment.

## Presentencing Conduct

The Court has received information from the U.S. Marshal's Office regarding incidents that had occurred at the Grant County, Kentucky Detention Center involving the defendant. Beginning on August 31, 2006 and continuing to January 21, 2007, the defendant had engaged in a pattern of behavior that was disruptive to jail staff and other inmates.  Examples of the incidents include failing to follow orders, hiding in the showers instead of returning to his cell and being disrespectful to staff.  The defendant has also sexually harassed female staff members by making suggestive comments and propositions.  On several occasions, he had exposed himself to correctional officers, even placing his genitalia on the food flap opening of his cell and refusing to remove it despite being ordered to do so by correctional officers and having his

2

hand sprayed with pepper spray.

The most serious violation occurred on January 21, 2007 when the defendant threw a cup of his urine into the face of a correctional officer who was delivering food to the defendant.  This behavior is especially egregious as the defendant is a carrier for Hepatitis C.  On Sunday, February 11, 2007, staff at the Grant County Jail received information that the defendant continued to engage in problematic behavior.  The defendant threatened to harm or kill one of the female deputies.  Additionally, the defendant stated he would have another deputy harmed by an outside party.  Charges were filed against the defendant in Grant County, Kentucky Circuit Court for Assault in the third Degree (Class D Felony) and Persistent Felony Offender in the First Degree (serves as an enhancement on the assault charge) in Case. No. 07CR-999-16 for the January 21, 2007 incident.  He was served with the warrant on the Indictment on September 12, 2007.  On September 24, 2008, a warrant was issued for his arrest as a fugitive.  The warrant remains active.  It should be noted the defendant was in the custody of the bureau of Prisons at the time the warrant was issued.  To date, no detainer has been lodged with the Bureau of Prisons regarding the warrant.

Between April 18, 2007 and May 18, 2007, the defendant underwent a forensic evaluation at the Federal Medical Center at Ayer, Massachusetts.  He was initially housed in a locked mental health unit after reporting he was violent when others provoked him.  Once he was moved to the open mental health unit, it was reported by other patients that he masturbated frequently and in inappropriate places such as the TV room.  However, he did not display this behavior to staff.

3

**Post-Sentencing Conduct**

Records from the Bureau of Prisons disclosed the defendant has been charged with various rule violations.  The violations include: Fighting with Another Person (2008, 2011-2 incidents); Interfering with Secrecy Devices (2010); Misusing Authorized Medication (2001); Assaulting without Serious Injury (2011); Stalking (2011); Indecent Exposure (2011, 2013); Engaging in Sexual Acts (2008, 2010-2 incidents, 2011, 2012-2incidents, 2013-3 incidents); Refusing Work/Program Assignment (2014-2 incidents); Engaging in Sexual Acts-masturbating in Lieutenant's office holding cell (2014); Being Insolent to Staff Member (2011, 2012, 2013, 2014-2 incidents) Disruptive Conduct-Threatening Staff (2014); Destroy Property $100 or Less (2014); Possessing Unauthorized Item (2014); and Refusing to Obey and Order (2010, 2011-2 incidents, 2012, 2013, 2014).

Mr. Heath has been involved in various treatment and educational pursuits during his incarceration.  Most notably, the defendant has participated in 74 hours of pre-GED classes and 267 hours of literacy classes working toward his GED.  He also attended the Raise Book Club and the Health Fair.  On April 11, 2014, the defendant was expelled from the Challenge Program which is a program for inmates in high security institutions with drug abuse and mental health problems.

**Other Considerations**

During the forensic examination conducted prior to sentencing, the defendant stated he was told his mother used drugs during her pregnancy with him.  Her drug use eventually led to a stroke.  Additionally, the defendant's father physically abused his mother during her pregnancy. No developmental delays were reported in the defendant's case.  Mr. Heath reported he was

beaten as a child by family members and sexually abused by an older female cousin.  The defendant reported he hit another child on the bus with a soda bottle when he was in the second grade.  The defendant's criminal history includes convictions for Assault and Domestic Violence when he was a juvenile along with two adjudications for Disorderly Conduct which involved fighting.  As an adult, the defendant has convictions for Domestic Violence, Assault on a Police Officer, and Weapons Under Disability.  The defendant committed the instant offense while under a criminal justice sentence of probation.  The defendant's criminal history category is VI.

The defendant started using drugs at age 12 and has struggled with substance abuse since that time.  He reported having auditory hallucinations and a history of depression in prison during the forensic evaluation.  However, staff at the facility where he was evaluated indicated the defendant exaggerated his psychiatric symptoms or falsely identified symptoms to make it appear he was mentally ill.  He was determined to have an intelligence level in the low average to borderline level.

Having reviewed this matter, the Court finds the government's position well-taken that in reducing guideline sentences the Sentencing Commission included a qualifying public safety limitation, that allows the Court to determine whether the Defendant poses a risk to public safety if released.  The Court agrees that Defendant poses such a risk.  The Sentencing Commission's action in reducing guideline sentences was based on a perception that drug offenders may have been treated too harshly.  Defendant possessed a firearm in relation to a drug trafficking offense. Defendant has exhibited repeated illegal behavior, and has not corrected that behavior despite being previously convicted and incarcerated.  Moreover, there is no dispute that Defendant has had disciplinary problems while incarcerated.  Finally, Defendant has a criminal history category

5

of VI, the highest in the guidelines.  The Court finds that Defendant's criminal history suggests

that he is at a high risk of recidivism.  The Court finds that the reduction should not be granted

based on public safety concerns, consistent with the dictates of §1B1.10 Commentary,

Application Note #1(b)(ii).

Accordingly, the Court **DENIES** Defendant's Motion to Reduce Sentence (doc. 46).

IT IS SO ORDERED.


    s/Susan J. Dlott
Judge Susan J. Dlott
United States District Court