# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 1:06-cr-102
                                         Civil Case No. 1:24-cv-00303

                                         District Judge Susan J. Dlott
  - vs -                             Magistrate Judge Michael R. Merz

DION HEATH,

          Defendant.    :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court for initial screening of Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 78), pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

Defendant initially sought permission from the Sixth Circuit Court of Appeals to file a second or successive § 2255 motion to vacate (ECF No. 75). The Sixth Circuit found that because Heath had never before filed a § 2255 motion, he did not need circuit court permission to proceed and it transferred the matter to this Court (ECF Nos. 76, 77). Defendant thereupon filed his Motion to Vacate (ECF No. 78). Judge Dlott then referred the Motion to the undersigned pursuant to 28 U.S.C. § 636(b), Fed.R.Civ.P. 72(b), and Amended General Order 22-05 (ECF No. 79).

The Motion transferred to this Court by the Sixth Circuit is not on the standard form for § 2255 motions, but is instead the standard form for requesting circuit court permission to proceed on a successive motion to vacate. That document identifies the judgment being attacked as this Court's imposition of a twenty-one month sentence for Defendant's violation of the terms of his supervised release, consecutive to the term of imprisonment he is now serving on a related Ohio conviction.

Defendant was indicted by the grand jury for this District on August 16, 2006, on one count of possession of crack cocaine in excess of five grams with intent to distribute and two firearms counts (Indictment, ECF No. 11). He entered into a Plea Agreement under which he was to plead guilty to the drug count and one of the firearms counts (ECF No. 17). After accepting his guilty pleas and considering the PSI, Judge Dlott sentenced him to ninety-two months on the drug distribution count and sixty consecutive months on the firearm count to be followed by four years of supervised release (ECF No. 38). Defendant appealed but the Sixth Circuit affirmed. *United States v. Heath*, Case No. 08-3074 (6th Cir. Apr. 23, 2009)(unpublished; copy at ECF No. 44).

On November 11, 2020, Defendant was arrested on Ohio drug charges. On August 29, 2022, he appeared before Magistrate Judge Litkovitz and waived preliminary hearing on the supervised release violation charge (ECF No. 68). On October 19, 2022, Defendant appeared before Judge Dlott, admitted the violations, and was sentenced to twenty-one months imprisonment to be served consecutively to his state sentence (Judgment, ECF No. 69). That is the judgment under attack in the present motion.

But Defendant first attacked the judgment by appealing to the Sixth Circuit, arguing, *inter alia*, that the Court had not adequately explained why it chose to impose a consecutive sentence. *United States v. Heath,* Case No. 22-3939 (6th Cir. Aug. 18, 2023)(unpublished; copy at ECF No.

73). The Sixth Circuit found imposition of a consecutive sentence was consistent with the relevant Sentencing Guideline and overruled Defendant's objection. *Id.* at PageID 305.

It is well settled that a motion to vacate is not a substitute for appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Therefore, absent manifest injustice or special circumstances such as a change in the law, § 2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 6th ed., §41.7(e)(2011), *citing Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n.8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981), *citing Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993); *Ray v. United States*, 721 F.3d 758, 761(6th Cir. 2013), *quoting Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) *citing United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Because Defendant raised his consecutive sentence objection on appeal and received full consideration by the Sixth Circuit, he is not entitled to re-litigate that claim in a motion to vacate.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate (ECF No. 78) be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of

appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 5, 2024.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
